No. 03-505

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 381

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

DAWNETTE EATON,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Eighteenth Judicial District,
                    In and for the County of Gallatin, Cause No. DC 2002-172,
                    The Honorable Mike Salvagni, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

       Christopher K. Williams, Attorney at Law, Bozeman, Montana

       For Respondent:

       Hon. Mike McGrath, Attorney General; John Paulson,
       Assistant Attorney General, Helena, Montana

       Marty Lambert, Gallatin County Attorney; Todd Whipple,
       Ashley Harrington, Deputy County Attorneys, Bozeman, Montana


               Submitted on Briefs:  April 28, 2004

                   Decided:   December 28, 2004

Filed:

_____
                        Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Dawnette Eaton ("Eaton") appeals from the sentence imposed by the Eighteenth Judicial District Court, Gallatin County, whereby she was convicted of felony forgery and ordered to pay restitution. We affirm.

¶2 The sole issue on appeal is whether the District Court erred in ordering Eaton to pay restitution as part of her suspended sentence.

¶3 On June 13, 2002, the State charged Eaton with forgery, by use of a common scheme, a felony. On April 2, 2003, Eaton pled guilty to felony forgery in violation of § 45-6-325, MCA (1999). On May 12, 2003, the District Court sentenced Eaton to the Department of Corrections for 10 years with 8 years suspended. As a condition of her suspended sentence, Eaton was ordered to pay restitution in the amount of $4,205.66, plus fees in the amount of $470, in monthly installments of $100 starting sixty days from her release from custody. Eaton appeals the order that she pay restitution as a condition of her suspended sentence.

¶4 This Court reviews a district court's imposition of sentence for legality only (whether the sentence is within the parameters provided by statute). *State v. Eaton*, 2004 MT 283, ¶ 11, 323 Mont. 287, ¶ 11, 99 P.3d 661, ¶ 11.

¶5 Eaton contends the District Court was without statutory authority to impose restitution as a condition of her suspended sentence under the 1999 amendments to § 46-18-201, MCA. Relying on a footnote in *State v. Horton*, 2001 MT 100, ¶ 28 n.3, 305 Mont. 242, ¶ 28 n.3, 25 P.3d 886, ¶ 28 n.3, *abrogated on other grounds by Eaton*, ¶ 11, she argues after October 1, 1999, the effective date of the 1999 statutory amendments, a district court could only require restitution in cases in which it imposed a deferred sentence and thus a court could not require restitution in cases in which it imposed a suspended sentence. In this case Eaton

2

was ineligible to receive a deferred sentence since she had previous felony convictions. *See* § 46-18-201(1)(b), MCA. Thus, the District Court suspended a portion of Eaton's sentence and imposed a condition that she pay restitution. Eaton now urges this Court to reverse the District Court and vacate the judgment as it applies to restitution.

¶6 Eaton raises the same issue this Court recently addressed in *Eaton*, ¶¶ 15-17, and *State v. Heath*, 2004 MT 126, 321 Mont. 280, 90 P.3d 426. In *Heath*, ¶ 16, we held an error was made in codifying the 1999 legislative amendments to § 46-18-201, MCA, "which was not intended to make any change in the substance or effect [of § 46-18-201, MCA (1997)]," requiring restitution when the district court imposed either a deferred or suspended sentence. The result is the same in this case as in *Heath*; the District Court did not exceed its statutory authority in ordering Eaton to pay restitution as a condition of her suspended sentence.

¶7 We affirm the judgment of the District Court.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ JIM RICE